# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 29, 2011

No. 10-40333
Summary Calendar

Lyle W. Cayce
Clerk

TERRY LYNN BROWN,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CV-111

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

In 2004, Terry Lynn Brown, now Texas prisoner # 786778, was convicted of murder and was sentenced to life imprisonment and a $10,000 fine. The district court dismissed Brown's 28 U.S.C. § 2254 application with prejudice. We granted Brown's motion for a certificate of appealability as to his speedy trial claim.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40333

Federal habeas relief will not be granted on a claim adjudicated on the merits in state court unless the state adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). This court ultimately "review[s] for reasonableness the state court's ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001). Although the district court did not consider Brown's speedy trial claim, we may affirm the district court's judgment on any basis supported by the record. *Emery v. Johnson*, 139 F.3d 191, 195 (5th Cir. 1997).

Brown argues that his Sixth Amendment right to a speedy trial was violated due to the lengthy delay between the time of his arrest and his trial. Even if it is assumed that the speedy trial period began when the hold was placed upon Brown based upon the initial arrest warrant issued in this case, Brown has not made a sufficient showing to warrant relief under § 2254(d). Despite his assertion that the speedy trial period continued until the time of his trial, the period between dismissal of the initial arrest warrant and the filing of the indictment was not relevant for speedy trial purposes. *See United States v. MacDonald*, 456 U.S. 1, 7 (1982); *United States v. Jackson*, 549 F.3d 963, 971 (5th Cir. 2008). Application of the test set forth in *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972), to this case based upon the relevant speedy trial period reveals that Brown has not shown that he warrants relief under § 2254(d) on this basis. *See Amos v. Thornton*, 646 F.3d 199, 205-09 (5th Cir. 2011); *Goodrum v. Quarterman*, 547 F.3d 249, 257-66 (5th Cir. 2008).

The judgment of the district court is AFFIRMED.